UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 6: 13-007-DCR-6 |
| | ) | and |
| V. | ) | Civil Action No. 6: 16-093-DCR |
| | ) | |
| BRENDA EVERSOLE, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On June 14, 2013, Defendant Brenda Eversole pleaded guilty to conspiring to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 846.  [Record Nos. 149, 232]  Eversole was sentenced to a term of imprisonment of 190 months, followed by an eight-year term of supervised release.  [Record No. 232]  The United States Court of Appeals for the Sixth Circuit affirmed Eversole's sentence.  [Record No. 337]  Eversole filed a timely *pro se* motion to vacate, set aside or correct her sentence under 28 U.S.C. § 2255 on May 31, 2016.  [Record No. 372]  On September 6, 2016, Eversole filed motions for a Certificate of Appealability [Record No. 398] and for leave to proceed *in forma pauperis* [Record No. 399].

Consistent with local practice, Eversole's § 2255 motion was referred to a United States Magistrate Judge for review and issuance of a report pursuant to 28 U.S.C. § 636(b)(1)(B). After briefing by the parties, United States Magistrate Judge Candace Smith recommended that Eversole's § 2255 motion be denied.  [Record No. 401]

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objections are made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). More than 14 days have passed and neither party has filed objections to the magistrate judge's report and recommendation. *See id.* Nevertheless, having examined the record and having made a *de novo* determination, the undersigned agrees with the Magistrate Judge's Report and Recommendation.

Eversole contends that the Court violated her rights under the Fifth Amendment by attributing an inappropriate amount of methamphetamine to her during sentencing. As the Magistrate Judge explained, however, Eversole raised this issue on direct appeal and the Sixth Circuit affirmed this Court's decision, concluding that Eversole's sentence was procedurally reasonable. As Eversole has failed to demonstrate an intervening change in the law or other exceptional circumstances, she is barred from re-litigating the issue in a § 2255 motion. *See DuPont v. United States*, 76 F.3d 108, 110–11 (6th Cir. 1996).

As discussed at length in the Magistrate Judge's Report and Recommendation, the three remaining claims raised in Eversole's § 2255 motion are procedurally defaulted because they could have been raised on direct appeal but were not. *See Bousley v. United States*, 523 U.S. 614, 622 (1986). Further, Eversole failed to explain why she did not raise these issues on appeal, and she has not argued that she is actually innocent of the crime of conspiracy to distribute methamphetamine. Accordingly, there is no basis for raising the arguments in a § 2255 motion. *See id. See also McQuiggin v. Perkins*, 133 S. Ct. 1924, 1933 (2013).

Eversole attempted to raise additional arguments for the first time in her reply brief. While arguments raised in this manner generally are procedurally improper, *see Am. Trim, LLC v. Oracle Corp.*, 383 F.3d 462, 477 (6th Cir. 2004), the additional arguments also are without merit.

As the Magistrate Judge's Report and Recommendation explains, Eversole is not entitled to § 2255 relief based on Amendment 794 to the United States Sentencing Guidelines, which provides clarification regarding mitigating role adjustments. Eversole contends that she is entitled to a two-level reduction as a minor participant because her involvement in the conspiracy was limited to a duration of five months. To prevail on a guidelines claim under § 2255, however, Eversole must demonstrate that there is a fundamental defect resulting in a "complete miscarriage of justice or an egregious error violative of due process." *See Nagi v. United States*, 90 F.3d 130, 133–34 (6th Cir. 1996).

During sentencing, Eversole did not argue for a decrease in her offense level based on a mitigating role. Further, the PSR indicates that, during her time in the conspiracy, she obtained large amounts of methamphetamine from co-conspirator Shane Begley. Specifically, she obtained at least two ounces of methamphetamine from Begley every four days (on approximately 35 occasions), and often paid Begley in advance. She distributed at least 100 grams of methamphetamine to another co-conspirator prior to her involvement with Begley. A search of Eversole's residence produced several small packets of methamphetamine, one larger pack of methamphetamine, cash, and four drug ledgers. When Eversole was arrested, she was carrying a black bag that contained three small bags of methamphetamine. Based on the foregoing, there is no indication that Eversole was a minor participant as defined by

Amendment 794, as she is not "less culpable that most other participants in the criminal activity." U.S.S.G. § 3B1.2 cmt. n. 5.

Finally, in her reply brief, Eversole argues that she was denied the effective assistance of counsel. She contends that her attorney erred by allowing the introduction of an inculpatory statement Eversole gave to police while she was allegedly intoxicated. The sentencing transcript demonstrates, however, that Eversole's attorney made an oral objection to the introduction of the statement on those grounds. [Record No. 268, p. 9–10] Accordingly, there is no legitimate argument that counsel's performance was not reasonable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court will deny a certificate of appealability. Eversole has failed to show that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong" or that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1.     The Magistrate Judge's Report and Recommendation [Record No. 401] is **ADOPTED** and **INCORPORATED**, in part, by reference.

2.     Defendant/Movant Eversole's motion for leave to proceed *in forma pauperis* [Record No. 399] is **DENIED**, as moot**.**

       3.      Defendant/Movant Eversole's motion to vacate under 28 U.S.C. § 2255 [Record No. 372] is **DENIED** and her claims are **DISMISSED**, with prejudice and **STRICKEN** from the Court's docket.

       4.      Defendant/Movant Eversole's motion for a Certificate of Appealability [Record No. 398] is **DENIED.**

       5.      A Judgment in favor of the United States shall issue this date.

This 24th day of October, 2016.

**Signed By:**

*Danny C. Reeves*　DCR

**United States District Judge**